## PEERLESS PAPER BOX MFG. CO. v. ROUTZAHN, Collector of Internal Revenue.

District Court, N. D. Ohio, E. D.   July 2, 1927.

No. 14016.

**1. Internal revenue ⬥⟿36—Refund cannot be credited on tax for another year, which is barred by limitation (Revenue Act 1921, § 250, subd. [d], and § 252 [Comp. St. §§ 6336⅛tt, 6336⅛uu]).**

Revenue Act 1921, § 252 (Comp. St. § 6336⅛uu), does not authorize application of a refund allowed a taxpayer as a credit on an additional assessment for another year, collection of which is barred by limitation under section 250, subd. (d), being Comp. St. § 6336⅛tt).

**2. Internal revenue ⬥⟿38(7)—Refund allowed, but withheld, may be recovered by suit, without previous demand.**

Suit to recover a refund previously allowed by the commissioner, but wrongfully withheld, is not conditioned on a rejected application, as in case of the original claim for refund.

At Law. Petition by the Peerless Paper Box Manufacturing Company against Carl F. Routzahn, Collector of Internal Revenue. Judgment for plaintiff.

Mooney, Hahn, Loeser & Keough, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Dist. Atty., of Cleveland, Ohio, for defendant.

JONES, District Judge. A jury was waived by stipulation and the case argued and submitted upon stipulated facts and briefs.

Briefly stated, the pertinent facts are: That the plaintiff in April, 1918, filed its income and profits tax return for the year 1917 in the office of the collector of internal revenue in this district, and thereafter, as required by law, paid the tax in the sum of $17,184.78. It executed a waiver, which was approved and signed January 25, 1923, by the Commissioner of Internal Revenue, consenting to a determination, assessment, and collection of taxes due under the return for the year 1917 under the Revenue Act of 1921 or prior tax acts. Plaintiff was given notice by the Commissioner of Internal Revenue on February 24, 1923, that its tax was in excess of that paid by it, and that there was an additional tax due for the year 1917 amounting to $6,260.97. This additional tax was assessed by the Commissioner, and was paid by the plaintiff on June 12, 1923. On March 1, 1923, another waiver, signed with the plaintiff's corporate name, was approved by the Commissioner of Internal Revenue.

The Commissioner of Internal Revenue, on April 11, 1923, notified collectors and revenue agents that all unlimited waivers as to 1917 tax assessments would be held to expire April 1, 1924. On March 26, 1924, a second additional tax for the year 1917 was assessed against the plaintiff by the Commissioner of Internal Revenue in the sum of $19,208.60, to which protest was duly filed by the plaintiff in the form of a claim for abatement, and which was denied and rejected by the Commissioner on December 20, 1924. In 1919 the plaintiff paid its tax for the year 1918 in the sum of $15,315.84, and on October 18, 1923, the plaintiff filed a claim for refund of $12,520.08 as an overpayment of tax for the year 1918, as a result of which on September 24, 1924, a certificate of overassessment was issued to the plaintiff, as determined by the Commissioner for the year 1918, in the sum of $12,653.39, with interest amounting to $3,413.80. The amount of this overassessment was credited and applied by the defendant collector of internal revenue against the second additional assessment of $19,208.60 for the year 1917, on October 23, 1924. The interest was paid to the plaintiff by the collector (these facts are indicated by notation, on the left margin of the certificate in evidence, that the amount so overassessed was credited to 1917 taxes, and also that the credit was due April 2, 1924, the day following that fixed by the Commissioner for the expiration of unlimited waivers).

The plaintiff protested this action of the collector on the 8th day of January, 1925, and thereafter, on January 23, 1925, filed a claim for refund of the same sum, $12,653.39, which was the amount of the overassessment for 1918, as determined by the Commissioner of Internal Revenue. On September 3, 1926, the Commissioner of Internal

Revenue rejected and disallowed the payment to the plaintiff of the refund previously allowed by him in the sum of $12,653.39, and which amount was applied by the collector to the credit of taxes for 1917.

[1] It is the plaintiff's claim, under these facts. that the defendant collector did, on the 23d day of October, 1924, unlawfully collect and misapply money belonging to the plaintiff as a refund for overpayment and over-assessment for the year 1918, to the payment of a second additional tax assessment for the year 1917, the collection of which was barred at the time by the five-year limitation in the Revenue Act of 1921 (section 250, subd. [d] being Comp. St. § 6336⅛tt).

Section 252 of the 1921 act (Comp. St. § 6336⅛uu) permits collectors to apply a refund for one year against taxes then due (at the time of the application) for other years; but to permit collection in the form of applying a refunded overpayment as a credit against taxes, the collection of which is barred by the running of the statute, is another way of doing that which the Supreme Court has said cannot be done.

[2] It is urged by the government that the suit of the plaintiff should have been brought against the collector to whom the tax for the year 1918 was paid, and cannot be brought against the successor of such collector. Further, the government claims that no proper refund was filed as a condition precedent to filing this suit, and that the suit is barred by the statute of limitations. These contentions made by the government, so far as the law relied upon goes, are not to be seriously disputed; but the facts stipulated here, it seems to me, do not bring the case within the principles contended for by the government. This taxpayer is not seeking to maintain a suit to obtain a judgment for a rejected claim for refund, but to obtain a sum of money already determined and awarded by the Commissioner of Internal Revenue to belong to it as an overpayment of tax for 1918, and wrongfully applied by the defendant as a credit against a barred tax liability for the year 1917.

The tax return of the plaintiff for the year 1917 was filed with the collector on April 10, 1918. The present collector applied the overpayment of the 1918 tax as a credit against the second additional tax assessment for the year 1917, on October 23, 1924. It will thus be seen that more than five years had passed from the time of the filing of the tax return for the year 1917 and the misapplication of the plaintiff's money to the credit of an outlawed and therefore an unlawful claim.

I think the second so-called waiver of March 1, 1923, affords no authorization or right to collect a tax after the five-year period from the date of the filing of the return. Its proper execution is doubtful; it waived only the statutory limitation as to assessment; the order of the Commissioner of Internal Revenue of April 11, 1923, fixed the expiration of all unlimited waivers as to assessments at April 1, 1924.

At the time the defendant collector applied the sum determined as overpayment for 1918 to the credit of the second additional assessment of 1917, he paid the accumulated interest thereon to the plaintiff. This seems to me to strengthen the taxpayer's claim that the principal was its money just as much as was the interest, and that the collector imposed a distraint upon its property without lawful authority.

My opinion is that the statute had run against the collection of the second additional assessment for 1917, and that the action of the collector in October, 1924, crediting the refund for 1918 against the second additional assessment for 1917 was tantamount to the method of tax collection held by the Supreme Court to be prohibited after the expiration of the time limited by statute. Section 250, subd. (d), Act of 1921; Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, February 21, 1927; Toxaway Mills v. United States (certiorari to the Court of Claims, reversed on confession of error, on motion of the Solicitor General, March 14, 1927) 273 U. S. 781, 47 S. Ct. 471, 71 L. Ed. ——.

In view of the considerations herein, judgment will be entered for the plaintiff against the defendant, and proper decree may be entered to effectuate such judgment.