### BRADY v. UNITED STATES.

### LYMAN v. SAME.

District Court, D. Massachusetts. November 15, 1927.

### Nos. 2681, 3051.

Internal revenue ☞28(1), 36—Crediting tax refund owed taxpayer against uncollected tax outlawed by limitations, and collecting of another such tax by distraint, held illegal (Revenue Act 1926, § 1106 [26 USCA § 1249]).

Crediting of tax refund owed taxpayer against uncollected tax outlawed by statute of limitations then in force, and collection of another such outlawed tax by process of distraint, *held* illegal, and proceedings were not rendered legal by Revenue Act 1926, § 1106 (26 USCA § 1249), providing in effect that an outlawed tax is as if it had never been laid, and that, if tax has been paid and time prescribed by statute of limitations has elapsed, a mistake may be corrected by returning to taxpayer any overpayment, or by requiring him to make good any deficiency.

At Law. Separate actions by James C. Brady and by Arthur Lyman against the United States. Judgment for plaintiff in each case.

Robert H. Holt and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., for plaintiffs.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass.

LOWELL, District Judge. These cases were argued together, and may be disposed of in one memorandum. Each of them raises the questions of the effect of the statute of limitations contained in the Revenue Act of 1926.

In the Brady Case a refund owed to a taxpayer was not paid to him, but was credited against an uncollected tax outlawed by the statute of limitations then in force.

In the Lyman Case collection of an outlawed tax was enforced by process of distraint.

Both of them are governed by Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, recently decided by the Supreme Court of the United States.

The Brady tax was "collected" by the bookkeeping entry just as illegally as if there had been a suit or a process of distraint. Peerless Box Co. v. Routzahn, 22 F.(2d) 459, Corporation Trust Co.'s Federal Service, 1927, p. 1142. The Lyman tax comes directly within the Bowers decision.

The government's contention that section 1106 of the act of 1926 (26 USCA § 1249) rendered its proceedings legal is unsound. That section reads as follows:

"The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax."

In my opinion that section first enacts that an outlawed tax is as if it had never been laid, and then provides that, if a tax has been paid and the time prescribed by the statute of limitations has elapsed, a mistake may be corrected by returning to the taxpayer any overpayment, or by requiring him to make good any deficiency. In other words, taxes paid in due course are excepted.

Let judgment be entered for the plaintiff in each case.

These cases were tried on an agreed statement of facts, which are adopted as the finding of facts by the court.