**NATIONAL TOOL CO. v. ROUTZAHN, Collector of Internal Revenue.**

District Court, N. D. Ohio, E. D. June 26, 1928.

No. 14957.

S. J. Kornhauser, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., and Irene Nungesser, Asst. U. S. Atty., both of Cleveland, Ohio (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Donald B. Hunter, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

JONES, District Judge. This is an action for the recovery of taxes alleged to have been illegally collected. It will be impossible at this time to fully review the issues involved or the considerations upon which decision has been reached.

It was understood at the hearing of the matter that the court should decide the questions upon the pleadings, motions, and statements of counsel. The collector of internal revenue being in default for answer, judgment was, upon motion, entered for the plaintiff on February 27, 1928. A motion to vacate the default judgment and for leave to answer was filed February 29, 1928. On March 17, 1928, an order was entered suspending the judgment pending the determination of the validity of the defense set up by the proposed answer of the collector filed on that day. Plaintiff thereafter filed a motion to confirm the judgment on the ground that the answer of the collector presented no valid defense to the action. The procedure is somewhat unusual, but the parties appear to be content to submit the matter in the form taken.

The facts are not materially in dispute. If the case is to be distinguished from Peerless Paper Box Manufacturing Co. v. Routzahn, Collector (D. C.) 22 F.(2d) 459, it is upon two points, as I see it. Whether these are material, and require a different conclusion, is the question.

■ First. Did the waiver signed by the plaintiff on April 5, 1923, as to the assessment and collection of taxes for the year 1917, operate to suspend the statute of limitations, so as to permit the application on May 1, 1925, of a refund of overassessment for the year 1918 to the credit of an additional assessment for 1917?

The tax return for 1917 was made March 18, 1918. Unless the waiver did so operate, the collection of the additional assessment by such action is barred by the five-year limitation of the taxing statute. It is the collector's contention that the waiver, although dated April 5, 1923, and mailed April 10, 1923, was not received by the Commissioner of Internal Revenue until April 13, 1923, and therefore not affected by the general order of the Commissioner of Internal Revenue, issued April 11, 1923, fixing April 1, 1924, as the date of expiration for unlimited waivers for 1917 income taxes.

I think the contention cannot be sustained. Without deciding what effect the Commissioner's order of April 11, 1923, might have upon unlimited waivers signed subsequent thereto, yet, in the absence of fraud (and it is conceded none exists here), the date of signing and mailing the waiver in this case should be controlling. The language of the order of the Commissioner would seem to support this view. The taxpayer is entitled to the benefit of the order. His waiver should be held, either to have a limitation of one year from the date of signing and mailing, or to have expired on April 1, 1924, as provided for unlimited waivers.

■ Second. I do not think that the taxpayer, by claiming credit for taxes due for the years 1916 and 1917 against an overpayment for the year 1918, as an inducement to the collector not to distrain, constituted a waiver of the statute of limitations, nor an estoppel from claiming the benefit of that statute. It could hardly be said that one entitled to the benefit of a statute of limitations may be held to have waived it by anything short of an express or implied intention to do so. The taxpayer's consent to a later application of overassessment for 1918 to the payment of taxes for the years 1916 and 1917, created neither an express nor implied waiver of the statutory limitation. Such an agreement was not, in my judgment, a voluntary foregoing of the time fixed by law for collection of the tax.

Considering the issues joined by the answer filed, and assuming the facts to be true as therein alleged, I am of opinion that there is no valid defense therein to the plaintiff's claims, and that the plaintiff is entitled to judgment.