**WINANT et al. v. GARDNER, Former Collector of Internal Revenue for the First District of New York.**

Circuit Court of Appeals, Second Circuit. December 10, 1928.

No. 32.

Francis L. Durk and Ralph W. Crolly, both of Brooklyn, N. Y., for appellants.

Rowland S. H. Dyer, for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Winant was the sole shareholder, except for 2 out of 200 shares, in a company of which he was president. The company allowed him a salary of $25,000 for the year 1918 and for so much of 1919 as he lived. These payments the company deducted from its income tax returns, and Winant or his executors charged against him in his personal returns, and paid the taxes so calculated without protest or duress as the installments fell due. Later the Commissioner of Internal Revenue reduced the salaries as credits to the company and surcharged its returns with the reductions. He declined to make a corresponding reduction in Winant's personal returns, and his executors brought suit in 1923 for the amount by which the taxes paid exceeded those calculated upon the reduced salaries as fixed by the Commissioner. In 1924 Congress (section 1014 (a), Revenue Act of 1924 [26 USCA § 156]), amended Revised Statutes, § 3226, by providing that in suits against collectors the plaintiff need not prove duress and protest, but subdivision (b) of the amending section (43 Stat. 343) makes it inapplicable to pending actions. The harsh rule, of which Fox v. Edwards, 287 F. 669 (C. C. A. 2), is a late illustration, therefore remained in force as respects the action at bar. In spite of the injustice of the result, we can find no escape. Winant or his executors were obliged to anticipate the possibility that the salaries might be treated in part as dividend distributions, and provide against that possibility by protest. Not having done so, they exposed themselves to a recalculation of the company's tax, without any corresponding reduction in their own. Happily such a situation can no longer arise, but we have no power to compel the defendant to concede what justice would seem to demand.

Judgment affirmed.