JENKINS S. S. CO. v. ROUTZAHN, Collector of Internal Revenue.

No. 15818.

District Court, N. D. Ohio, E. D.

Aug. 13, 1930.

Rehearing Denied Sept. 8, 1930.

S. J. Kornhauser, of Cleveland, Ohio, for plaintiff.

The United States Attorney, for defendant.

WEST, District Judge.

Plaintiff's demurrer to the answer as a whole must be overruled if any sufficient defense appears. In my opinion, paragraph 7 states a complete defense under Rev. St. § 3226 (26 USCA § 156). Counsel's claim that the action is not to recover a penalty, but is for money ordered refunded on account of plaintiff's overpayment of taxes for another year, is not borne out by the averments of the petition. When the government withheld the money and applied it in satisfaction of the penalty, it effected collection of the penalty exactly as if it had received plaintiff's check. This sum cannot be recovered unless claim for its refund was made and rejected; and plaintiff promptly filed such claim. An action will not lie unless commenced within the time fixed by law; and here it was commenced too late, according to the answer.

I do not understand that the case of Peerless Paper Box Mfg. Co. v. Routzahn (D. C.) 22 F.(2d) 459, is to the contrary. The point there decided was that after the collection of income taxes had become barred by the five-year statute of limitations the government could not circumvent the law by withholding from the taxpayer a refund due to him for overpayment of the tax for some other year and applying the amount thereof upon the

taxes, collection of which was barred. That question is not presented here, for on April 9, 1924, when, according to the answer, the amount sought to be recovered was paid to and collected by the government by means of the withholding and application thereof to an alleged tax liability for 1922, the collection of the latter was not barred by the statute.

Demurrer overruled. Exceptions to plaintiff.

### On Motion for Rehearing.

I have again examined the contention of plaintiff's counsel that Rev. St. § 3226 (title 26, § 156, U. S. Code [26 USCA § 156]) has no application in a case like this, and that it was so decided by Judge Jones in the Peerless Case (D. C.) 22 F.(2d) 459. From an examination of the pleadings and briefs in that case I am satisfied that no such decision was made or intended. A second additional assessment in respect of the tax for 1917 had been made in March, 1924, and was protested by the taxpayer. In September, 1924, a certificate of overassessment of taxes for 1918 was issued, which on October 23, 1924, the collector applied in partial discharge of said additional assessment. Claim for refund of the amount so applied was filed January 23, 1926; this was rejected September 3, 1926, and the action was commenced on October 1, 1926.

As the taxpayer promptly made claim for refund and brought suit within a month of its rejection, and within two years after the misapplication of the overassessment to the satisfaction of the barred liability for the additional assessment, no question arose under section 3226, the provisions of which when properly construed were complied with. The government suggested no defense under that section until it filed its brief, which contained the untenable contention that the time for filing claim for refund and action to recover dated, not from October 23, 1924, when the misapplication occurred, but from December 15, 1919, when the final installment of the 1918 taxes was paid by the Peerless Company. Upon that view, of course, plaintiff would be too late; but no serious attention was paid to the proposition.

▊ I cannot agree that, where a refund has been misapplied on an ostensible liability for a tax or penalty appearing on the books, a suit to recover is not for a tax or penalty alleged to have been collected illegally or without authority; or that such an action is not controlled by section 3226 (26 USCA § 156).

That question is presented in the instant case; but in the Peerless Case, where the requirements of the section had been complied with by the taxpayer, it could not arise so as to call for a decision. In Brady v. U. S. (C. C. A.) 24 F.(2d) 405, the Peerless decision is cited to the point that a refund cannot properly be applied on a tax the collection of which was then barred by the statute, which, as I have previously said, I think was the real question adjudicated.

In view of the fact that a claim for refund of the money misapplied had been filed and rejected, the language in the opinion upon which counsel has seized, to the effect that no rejected claim for refund was involved, must refer to the claim for overassessment which had been allowed, not rejected. And when, in the same connection, the court said that the money had been wrongfully applied by defendant as a credit against a barred tax liability, no inference can be drawn that the court believed, let alone decided, that it was such a claim as was not within the limitations of section 3226 (26 USCA § 156).

There is nothing in the National Tool Co. Case (D. C.) 28 F.(2d) 914, which requires comment.

Application for rehearing denied.