## UNITED MOTORS CORPORATION v. UNITED STATES.

District Court, S. D. New York.
Sept. 16, 1930.

408

John Thomas Smith, of New York City (Charles Rivers Carroll, of New York City, of counsel), for plaintiff.

Charles H. Tuttle, of New York City (Walter H. Schulman, of New York City, of counsel), for the United States.

PATTERSON, District Judge.

This is a motion by the plaintiff to strike out separate defense and for judgment on the pleadings. The action is at law. The complaint, in two counts, shows the following case: The plaintiff paid an income tax of $1,268,569.59 for the year 1918, and thereafter filed claim for refund for the greater portion of such tax. The commissioner audited the return and considered the claim for refund, the result being that in September, 1925, he issued a certificate of overassessment showing that the plaintiff had overpaid its tax liability for 1918 by the sum of $139,-834.93. The plaintiff has never received this sum. The first count is upon the certificate as an implied promise by the defendant to pay; the second is upon the theory of account stated.

The answer admits the material facts pleaded in the complaint and sets up three affirmative defenses. The first defense is that the plaintiff's claim for refund was defective, and that no second claim for refund was filed upon the certificate sued upon. The second defense goes to the merits of the controversy and raises the real issue. Under this defense, the United States alleges that the plaintiff filed a return of its 1917 tax, that within five years and prior to June 2, 1924, the commissioner made an additional assessment of tax for the year 1917 in the sum of $153,000, and that the plaintiff filed a claim of abatement, thereby "staying" proceedings for the collection of the 1917 tax. And the further allegation is made that the admitted overpayment of the 1918 tax now sued for was "credited" by the commissioner in 1925 against the plaintiff's outstanding liability on the 1917 tax. Reference is made to sections 607, 609, and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609, 2611), reading as follows:

607. "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after May 29, 1928) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

609. "(a) Credit against Barred Deficiency. Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 2607.

"(b) Credit of Barred Overpayment. A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 2608.

"(c) Application of Section. The provisions of this section shall apply to any credit made before or after May 29, 1928."

611. "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond; and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after May 29, 1928) shall not be considered as an overpayment under the provisions of section 2607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The third defense is that there is now pending in the Court of Claims a suit by the

plaintiff to recover overpayment of its 1918 tax.

The motion to strike out defenses will be granted as to the first and third defenses to both causes of action, and denied as to the second defense to both causes of action. Since the second defense is deemed sufficient on its face, the motion by the plaintiff for judgment on the pleadings is denied. I will briefly outline the reasons for these conclusions.

■ As to the first defense: The defense that the claim for refund filed by the plaintiff was inadequate has no merit. The commissioner acted upon the claim as filed, sustained it in part, and issued a certificate of overassessment as to the part allowed. The present action is based upon such certificate and not upon the original overpayment of tax. The plaintiff has chosen to treat the certificate as an implied promise to pay by the United States (United States v. Kaufman, 96 U. S. 567, 24 L. Ed. 792), or as an account stated (United States v. Real Estate Savings Bank, 104 U. S. 728, 26 L. Ed. 908). Under such circumstances, the sufficiency of the claim for refund is of no consequence. Nor is there any force in the point that the plaintiff should have filed another claim for refund based upon the certificate of overassessment.

As to the second defense: The use of the overpayment for 1918 as a credit against the barred tax liability for 1917 was unauthorized and illegal under the law in 1925, although the commissioner was not then aware of the fact. Peerless Paper Box Co. v. Routzahn (D. C.) 22 F.(2d) 459; Brady v. United States (D. C.) 24 F.(2d) 205. It was an effort by a debtor to avoid payment of a valid obligation by offsetting it against an outlawed obligation owed by the creditor to him. The plaintiff then had the right to receive the 1918 overpayment in cash. Such were the rights of the parties until May 29, 1928, when the Revenue Act of 1928 became operative.

■ The defendant contends that sections 607–611 of the Act of 1928 (26 USCA §§ 2607–2611) have changed the situation. I must sustain this contention. The effect of section 607 and section 611 has been settled, so far as this court is concerned, by Daniel Reeves, Inc., v. Anderson, 43 F.(2d) 679, decided on July 21, 1930, by the Circuit Court of Appeals. Judge Learned Hand there points out clearly that as to all cases where a tax was assessed before the running of the statute of limitations and prior to June 2, 1924, and where a claim of abatement was filed in protest, a payment of tax by the taxpayer made after liability had been barred by lapse of time cannot now be recovered. He construes section 611 as changing the rights of the parties and as equivalent to a reimposition of the barred tax. The argument for strict construction of the section was rejected. The decision of Judge Mack in Regla Coal Co. v. Bowers (D. C.) 37 F.(2d) 373, is to the same effect. So in the present case, if the United States in 1925 had refunded in cash to the plaintiff the overpayment for 1918, and had collected in cash from the plaintiff the additional assessment for 1917, the collection of the 1917 tax, however unlawful when made, could not now be recovered by the plaintiff. That was in substance what was actually done in this case by way of "credit," and it only remains to be seen whether these sections of the 1928 act touch this case of credit as distinguished from the assumed case of payment or refunding.

■ Section 609 (26 USCA § 2609) provides that a credit against a liability for any taxable year shall be void if a payment as to such liability would be an overpayment under section 607 (section 2607); in other words, that the commissioner shall not (as he did in this case) use an overpayment for the year 1918 as a credit against a barred tax liability for the year 1917. This is no more than a recognition of the law as it stood prior to 1928. See Brady v. United States, supra. But I take it that section 609 means more than this. The several sections are interrelated. It is fair to say that the reference to section 607 included the exception to that section which is set forth in section 611, and that a credit is not void where a payment of tax under the same circumstances would not be a recoverable overpayment. If this is true, the 1928 act makes valid by retroaction the act of the commissioner in using the 1918 overpayment as a credit against the barred liability for 1917, the plaintiff having filed claim for abatement as to the latter assessment. This, of course, is equivalent to a removal of the bar of the statute of limitations in respect to the 1917 tax or to a reimposition of the tax. I do not mean to say that the words "payment," "collection," and "credit" are synonymous. But I believe that the scheme of sections 607–611 of the 1928 act (26 USCA §§ 2607–2611) requires that a credit against a barred tax liability be treated in precisely the same fashion as a payment against a barred tax liability would be treat-

ed—void in general, where a payment would be recoverable, but valid in certain cases where the taxpayer's claim of abatement may have helped to raise the bar of limitation, a payment under similar conditions not being recoverable.

This construction of section 609 is a liberal one, but in view of what was said in the Reeves Case I do not deem any other construction permissible. Judge Hand has there set forth the reasons which led Congress to add these statutory provisions and has explained the fairness of what at first sight seemed to me unjustifiable. It is therefore unnecessary for me to go into these matters or to do more than to indicate why I believe this case to be in substance controlled by the Reeves Case.

It follows that the second defense will be held sufficient on its face.

■ As to the third defense: The fact that the plaintiff has brought suit in the Court of Claims to recover an overpayment for the year 1918 is not a defense. The two actions are not identical. One is on the original obligation, in tort or in contract; the other is on account stated or secondary obligation. But even if they were identical, I know of no rule of law which halts the plaintiff from pursuing both remedies. Both actions are in personam. They are brought in different jurisdictions. Both may be commenced, although only one or the other may be pushed to a conclusion on the merits. Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Kline v. Burke Const. Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.