**ROUTZAHN, Collector of Internal Revenue, v. REEVES BROS. CO.**

**No. 5915.**

Circuit Court of Appeals, Sixth Circuit.

June 29, 1932.

H. C. Clark, of Washington, D. C. (Wilfred J. Mahon and John B. Osmun, both of Cleveland, Ohio, and C. M. Charest and Herbert S. Fessenden, both of Washington, D. C., on the brief), for appellant.

John E. Hughes, of Chicago, Ill. (William Cogger, of Washington, D. C., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

This was an action to recover the sum of $61,218.13 as a part of appellee's 1917 income and excess profits taxes alleged to have been illegally collected by appellant after the running of the statute of limitations. Judgment was entered for plaintiff.

Appellant was a collector of internal revenue. Appellee overpaid its 1918 and 1919 income taxes in the sum of $26,453.87 and $34,764.20, respectively. These payments were made to Harry H. Weiss, appellant's predecessor in office, and were due to overassessments. When these overassessments were disclosed, a deputy commissioner, following the practice described in United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464, certified them to appellant upon a "Schedule for Overas-

sessments" and accompanied the schedule with another schedule styled "Schedule of Refunds and Credits." Upon the Schedule of Overassessments, was printed the "Authorization of Commissioner" to the collector, found in the margin.[1] In response thereto, the collector checked the overassessment against the taxpayer's account in his possession, and found that appellee had overpaid its taxes for 1918 and 1919 to the extent thereof and entered the overpayments in credit column 9 of the Schedule of Overassessments as credits against an additional assessment made by the Commissioner for the year 1917 in the sum of $95,527.-60. These credits he also entered in "Amount Credited" (column 5) of the "Schedule of Refunds and Credits" and certified and returned both schedules to the Commissioner. Thereupon the Commissioner entered his certificate upon the Schedule of Refunds and Credits to the effect that nothing was refundable.

Appellee claims that these entries by the collector were in effect the collection of or at least a participation by him in the collection of 1917 taxes then barred by the statute of limitations of five years fixed by section 250 (d) of the Revenue Act of 1921 (c. 136, 42 Stat. 227, 264, 265). We may assume that the bar of the statute had fallen and that the government was not entitled to credit these overpayments upon the uncol-

[1] "Authorization of Commissioner."

"To the Collector 18th District of Ohio:

"The amounts listed in column 4 as overassessments (or reductions of tax liability) are hereby approved, and the related claims, if any, allowed in the respective amounts indicated by the 'Certificates of Overassessment' or 'Notices of Adjustment of Refund' attached thereto.

"You will immediately check such items against the accounts of the several taxpayers, and determine whether the amounts in which the tax liabilities have been reduced should be respectively abated, in whole or in part, and make such abatements as may be warranted by the condition of the taxpayers' accounts for the years involved.

"If any part of any such item is found to be an overpayment, you will examine all accounts of the taxpayer for other periods and apply the overpayment as a credit against the taxes due, if any, making the appropriate entries in your accounts. (This applies only to income, war profits, and excess profits taxes.) Such credits will be entered in column 9, and placed in column 5 of a subsidiary Schedule of Refunds and Credits (Form 7805-A).

"The balance, if any, of the overpayment will be entered in column 12, and placed in column 4 of the subsidiary schedule (Form 7805-A) referred to above, and an appropriate memorandum made upon the taxpayers' account.

"You will thereupon complete and certify this schedule and the schedule upon Form 7805-A, and return the necessary copies of each to the Commissioner of Internal Revenue.

"D. H. Blair,
"Commissioner of Internal Revenue.
"Date Mar. 29, 1924."

lectible taxes for 1917. Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. We may further assume that appellee has complied with all procedural requirements incident to the prosecution of his action. We think we may confine ourselves to the crucial question, properly preserved in the record, whether appellee was entitled to recover against the collector.

■■ The case was tried without the intervention of a jury. It was a personal action (Sage v. U. S., 250 U. S. 33, 37, 39 S. Ct. 415, 63 L. Ed. 828) analogous to one for "money had and received" [Cox v. Lott, Coll., 12 Wall. 204, 220, 20 L. Ed. 370; Duffin v. Lucas, 55 F.(2d) 786, 792 (C. C. A. 6)], but the appellant never exacted or received or had in his possession, officially or unofficially, any of the money which was ultimately applied to the payment of the 1917 taxes. These moneys were collected by and paid to appellant's predecessor in office as 1918 and 1919 taxes. The appellant merely made a bookkeeping entry pursuant to instructions of the Commissioner. The United States government retained the money; the appellant did not. It is therefore not recoverable in an action against him. Smietanka, Coll., v. Indiana Steel Co., 257 U. S. 1, 4, 42 S. Ct. 1, 66 L. Ed. 99; Union Trust Co. v. Wardell, 258 U. S. 537, 542, 42 S. Ct. 393, 66 L. Ed. 753; Phila., H. & P. R. Co. v. Lederer, 242 F. 492, 494 (C. C. A. 3); Coffey, Coll., v. Exchange Bank of Lennox, 296 F. 807, 809 (C. C. A. 8). In support of its contention appellee cites U. S. v. Boston Buick Co., 282 U. S. 476, 478, 51 S. Ct. 206, 75 L. Ed. 470; Peerless Paper Box Mfg. Co. v. Routzahn, Coll. (D. C.) 22 F.(2d) 459, 460; Logan-Gregg Hdw. Co. v. Heiner (D. C.) 26 F.(2d) 131, and also the opinion of the District Court in Landesman-Hirsheimer Co. v. Routzahn [2] (Prentice-Hall Tax Service for 1931, par. 499, p. 645).

No doubt the procedure amounted to a "payment" of the 1917 taxes because upon the authority of the Commissioner's certificate the Treasury retained the overpayments in satisfaction of 1917 taxes (Graham & Foster v. Goodcell, 282 U. S. 409, 424, 51 S. Ct. 186, 75 L. Ed. 415), but, as pointed out above, appellee's obstacle is that no part of these funds was paid to or exacted or received by appellant.

■ Appellee advances another and to us an inconsistent theory. It is that, regardless of whether appellant actually received the money, he is liable for entering the credits upon the schedules and certifying them to the Commissioner because he thereby deprived or aided in depriving appellee of the amounts thereof. The theory is that at the time the credits were entered and certified the bar of the statute had destroyed appellant's right to collect any 1917 taxes, and that therefore his act in entering the credits was unauthorized and was in the nature of a conversion, in that it deprived appellee of a refund to which it was entitled. The entry of the credits upon the schedules was not an allowance thereof. As an administrative provision, the Commissioner, alone, was clothed with authority to determine whether the taxes for 1917 were due or whether they were barred, and, if they were not barred, whether the overpayment should be credited against them. See title 26, §§ 149 and 1065, U. S. C. (26 USCA §§ 149, 1065); U. S. v. Swift & Co., supra, at page 475 of 282 U. S., 51 S. Ct. 202, 75 L. Ed. 464; Girard Trust Co. v. U. S., 270 U. S. 163, 169, 46 S. Ct. 229, 70 L. Ed. 524; U. S. v. Boston Buick Co., 35 F.(2d) 560, 562 (C. C. A. 1).

It was not within the province of the collector to pass upon the effect of the statute of limitations. He was not authorized by the Commissioner to perform such duty. His duty was to obey the instructions of the Commissioner in accordance with the practice of the Bureau. This was a simple duty. He was to check the overassessments against the accounts of appellee. If an overpayment resulted, he was to apply it as a credit against any taxes appearing to be due, make the appropriate entries upon the accounts, and certify the schedules, as extended, to the Commissioner. This duty was merely "clerical" and "ministerial." U. S. v. Swift & Co., supra. It did not involve discretion. It was a duty that appellant owed to the Commissioner alone. Appellee could not require it of him. Appellant could not fail in a duty as to which he was not bound to the appellee, nor violate a right which did not exist. The moneys represented by the credits were in the Treasury. The Commissioner had sole dominion over them; appellant had none and undertook to exercise none.

We are not passing upon the question of whether the amount claimed is recoverable from the United States, but solely upon the question whether it is recoverable from this collector of internal revenue who merely made a book entry. If the collection of the 1917 taxes was in fact barred at the time

---

[2] Not for publication.

918

of the allowance and credit of the overpayments, appellee has an appropriate remedy which is in no way affected by the action of the appellant in this case.

Judgment reversed.