### UNTERMYER v. BOWERS.

District Court, S. D. New York.
Jan. 3, 1934.

Guggenheimer & Untermyer, of New York City (Alvin Untermyer, Eugene Unter-

348

myer, and Harry Hoffman, all of New York City, of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

This is a motion for judgment on the pleadings. The facts pleaded by the plaintiff may be summarized as follows: The plaintiff filed an income tax return for 1919 showing a tax of $18,626.53. He paid in due course all but $6,250 of this amount. As for the $6,250 he asked that credit be given because of alleged overpayment for 1918. This claim of credit was refused in March, 1924. It was also in March, 1924, that the Commissioner assessed an additional tax liability for 1919 in the sum of $88,900.89. This amount the plaintiff paid to Collector Bowers on June 3, 1924. The present suit is to recover part of the sum so paid. The complaint goes on to allege that on March 10, 1925, the plaintiff filed claim for refund in the amount of $35,747.27; that the Commissioner allowed this claim in March, 1926, allowing an abatement as to the $6,250 never paid by the plaintiff and finding an overpayment as to $29,497.30; that instead of paying the $29,497.30 to the plaintiff, Collector Bowers on August 31, 1926, credited the plaintiff with this sum on account of an alleged tax deficiency for 1918 in a larger amount; that the liability for 1918 was then outlawed; that on April 10, 1928, the plaintiff filed another claim for refund for the same amount, stating that on his prior claim he had been allowed $35,747.27 and that the application of this sum to the alleged 1918 deficiency was improper; and that this second claim was disallowed in October, 1928. Suit against the collector was commenced September 19, 1930. The complaint comprises two causes of action; the first for the sum of $29,497.30, the second for the sum of $6,250.

The answer admits most of the facts pleaded by the plaintiff, but denies the conclusions and general statements set forth in the complaint.

■ 1. No cause of action is stated as to the $6,250. The complaint itself shows that that part of the 1919 tax has never been paid by the plaintiff. Whatever his rights as to the other sum involved, he has no grievance against any one as to the $6,250 assessed against him but not paid.

■ 2. The other question concerns the right to recover $29,497.30. As to this sum it is plain that as against the collector there can be no recovery on the theory of a claim allowed but not paid (see Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018), or on the theory of an erroneous application of the overpayment for 1919 against the barred deficiency for 1918. With the former the collector had no connection; with the latter his actions were only administrative. Neither amounted to a wrongful collection of the 1919 tax by the collector. Whatever the plaintiff's rights in a suit against the United States, he cannot hold the collector on any such ground. Moses v. United States (C. C. A.) 61 F.(2d) 791. See, also, Routzahn v. Reeves Bros. Co. (C. C. A.) 59 F.(2d) 915.

■ The plaintiff's one chance to hold the collector liable would be on the theory of a wrongful collection by the latter when the plaintiff was obliged to make payment in June, 1924. If the payment then made was an overpayment of his 1919 tax liability to the extent of $29,497.30, a suit against the collector to recover this amount is appropriate. But the complaint does not set forth any such cause of action. It is not alleged either in generality or in detail that the 1924 payment was an overpayment. The complaint does not state that the plaintiff's true income in 1919 was so much, that the proper tax thereon was so much, but that the collector compelled him to pay an excessive amount. The statement that the Commissioner conceded that there had been an overpayment of $29,497.30 will not do. That is merely the pleading of evidence, and the defendant may nevertheless insist that despite the Commissioner's concession there was actually no overpayment. As the pleadings now stand, there is no issue squarely raised as to whether the payment made in 1924 was an overpayment by the plaintiff.

It is further contended by the defendant that any cause of action against the collector on the theory of a wrongful collection by him in 1924 is barred by limitations. The statute of limitations has not been pleaded. Moreover, the point is a moot one unless and until the plaintiff frames his complaint as one to recover the money paid to the collector.

The complaint will be dismissed, with leave to the plaintiff to serve an amended complaint within twenty days.