## HADAR v. UNITED STATES.

United States District Court
S. D. New York.
May 10, 1952.

James I. Hadar, pro se.

Myles J. Lane, U. S. Atty., New York City (John M. Foley, New York City, of counsel), for defendant.

WEINFELD, District Judge.

The mass of irrelevant allegations in the single count complaint obviously does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C., that a pleading shall contain " * * * (2) a short and plain statement of the claim

showing that the pleader is entitled to relief".

The relief which plaintiff seeks herein may be ascertained only from Paragraph 10, wherein he apparently seeks to recover judgment on three separate and independent claims:

(1) For a refund of taxes against the Collector of Internal Revenue, Second District of New York, New York;

(2) For a head injury incurred at Camp Holibird, Baltimore, Maryland, in 1919; and

(3) For illegal detention at Kings Park State Veterans Memorial Hospital, Long Island, New York, from 1932 to 1944, and alleged violation of plaintiff's constitutional rights.

Considering these in inverse order, it appears that the claim for detention in the New York State Mental Institution is against the State of New York. No statement is contained in the complaint of the grounds upon which the Court's jurisdiction rests. The motion to dismiss as to this claim is granted upon the ground that the Court lacks jurisdiction of the subject matter and for failure to state a claim upon which relief can be granted.

As to the claim for the head injury incurred at Camp Holibird, Baltimore, Maryland, in 1919, the same disposition must follow. The Federal Tort Claims Act is not applicable to claims arising prior to January 1st, 1945.[1]

As to the purported claim for tax refund, the complaint likewise is deficient for failure to state a claim for relief since it fails to allege that a refund claim was filed within the time provided by statute, that the claim has been denied, or that it has not been acted upon by the Commissioner for more than six months after it was filed.[2] As to this claim, however, leave is given to serve an amended complaint, which shall in all respects comply with Rule 8 of the Rules of Civil Procedure.

Settle order on notice.

---

1. 28 U.S.C. § 1346(b).

2. 26 U.S.C. § 3772; United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S. Ct. 376, 75 L.Ed. 1025; Moses v. United States, 2 Cir., 61 F.2d 791, certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L. Ed. 1490.