## PITTSBURGH BRIDGE & IRON WORKS v. UNITED STATES.

No. 5334.

District Court, W. D. Pennsylvania.
Nov. 7, 1929.

694

S. Leo Ruslander and Samuel Kaufman, both of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and John A. McCann, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C.

McVICAR, District Judge (after stating the facts as above).

The sole question is whether this case is governed by section 1019 of the Revenue Act of 1924 (26 USCA § 153, note), or section 1116 of the Revenue Act of 1926 (26 USCA § 153, note).

Statutes Involved.

Revenue Act of 1924 (43 Stat. 253).

Interest on Refunds and Credits.

"Sec. 1019. Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund, or in case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment, then to the date of the assessment of that amount. The term.'additional assessment' as used in this section means a further assessment for a tax of the same character previously paid in part."

Revenue Act of 1926 (44 Stat. 9).

Interest on Refunds and Credits.

"Sec. 1116. (a) Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund, or in the case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act, then to the date of the assessment of that amount.

"(b) As used in this section—

"(1) The term 'additional assessment' means a further assessment for a tax of the same character previously paid in part, and includes the assessment of a deficiency under Title II or Title III of the Revenue Act of 1924 or of this Act;

"(2) The term 'date of the allowance of the refund' means, in the case of any income, war-profits, or excess-profits tax, the first date on which the Commissioner signs the schedule of overassessments in respect thereof.

"(c) This section shall be applicable to any refund paid, and to any credit taken, on or after the date of the enactment of this Act, even though such refund or credit was allowed prior to such date."

The question whether the act of 1924, or the act of 1926 controls depends upon when the credit was taken in this case. December 11, 1925, the Commissioner made the additional assessment against the plaintiff for the year 1919, in the sum of $31,519.87. December 15, 1925, the Commissioner approved the schedule of overassessments against the plaintiff in the sum of $28,266.40 for the years 1918 and 1920, and transmitted this schedule to the collector of internal revenue at Pittsburgh, with directions as to credits. January 7, 1926, the collector at Pittsburgh returned the schedule, having credited plaintiff with the overpayments against the additional assessment. February 6, 1926, the Commissioner signed the schedule of revenues and credits and authorized the disbursing clerk of the Treasury Department to issue checks for the amounts to be refunded the taxpayers named thereon. February 10, 1926, the collector at Pittsburgh, made a demand on the plaintiff for the balance due after crediting the overpayments, in the sum of $3,253.47. February 20, 1926, plaintiff paid the sum demanded to the collector at Pittsburgh.

The Commissioner had performed every act for payment of interest due the plaintiff under the act of 1924, except the actual mailing of the check and certificate of overassessment. These acts would have been done prior to February 26, 1926, if there had been available funds in the treasury. The credit was not only allowed by the government, but it was also taken by it in so far as it was within its power prior to the passage of the Act of February 26, 1926. If any act was required of the plaintiff in the taking of the credit, it was done by it February 20, 1926, when it paid the collector at Pittsburgh the balance due from the plaintiff after crediting the overpayments against the additional assessment. This case is ruled by Penn Smokeless Coal Co. v. United States (D. C.) 34 F.(2d) 205, wherein an opinion was written by Judge Gibson of this court.

I conclude that this case is governed by the act of 1924. Let an order be prepared directing the entry of judgment in favor of the plaintiff in accordance with the findings and this opinion.