## ATLAS POWDER CO. v. UNITED STATES.
### No. J–151.

Court of Claims.
April 7, 1930.

of the additional tax against which the overpayments were credited; that as to the overpayment of $2,074.80 for 1916 applied as a

John Enrietto, of Washington, D. C. (Richard S. Doyle and Hamel & Doyle, all of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (J. S. Franklin, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

The question in this case is the same as that this date decided by the court in West Leechburg Steel Company, 39 F.(2d) 131, the provisions of section 1019 of the Revenue Act of 1924, 43 Stat. 253, 346, or section 1116 of the Revenue Act of 1926, 44 Stat. 9, 119, section 153, note, tit. 26, USCA, control in determining the amount of interest to which the plaintiff is entitled upon overpayments for 1916 and 1918.

The plaintiff claims that the provisions of section 1019 of the Revenue Act of 1924 (26 USCA § 153 note) govern and that it is entitled to interest to the date of the assessment credit against the additional tax for 1918, assessed on March 15, 1924, it is entitled to interest of $712.01, or $498.05 in excess of that allowed and paid by the Commissioner, computed from the date of the overpayment on June 25, 1918, to the date of the assessment of the additional tax for 1918, on March 15, 1924; that as to the amount of $51,127.33, being that portion of the overpayment for 1917 credited against the additional assessment for 1919, it is entitled to interest in the total amount of $17,638.93, or $12,270.56 in excess of that allowed and paid by the Commissioner, computed upon this amount from the date of the overpayment on June 15, 1918, to the date of the assessment of the additional tax for 1919, on March 15, 1924; that as to the amount of $10,089.93, representing that portion of the overpayment for 1918 subsequently determined and credited against the additional tax for 1919, it is entitled to interest in the total amount of $2,572.93, or $2,421.58 in excess of that allowed and paid by the Commissioner, computed from December 15, 1919, the date of the overpayment to the date of the assessment of the additional tax for 1919, on March 15, 1924; the total of the additional interest claimed being $15,190.19.

The plaintiff contends that a credit is taken within the meaning of the act and is made effective by the action of the collector of internal revenue upon the receipt by him of the certificate of overassessment from the Commissioner and that, in any event, a credit, within the meaning of the statute, is taken not later than the date on which the Commissioner approves the schedule of refunds and credits certified to him by the collector of internal revenue and since, in this case, both of those dates were prior to the effective date of the Revenue Act of 1926, which was approved on February 26, 1926, it is entitled to judgment for the interest claimed herein.

The defendant insists that the provisions of the Revenue Act of 1926 govern for the reason that a credit is not taken until the taxpayer receives from the Commissioner through the collector the certificates of overassessment and the checks for the amount of the refunds and interest.

In the opinion of the court a credit is taken within the meaning of section 1019 of the Revenue Act of 1924 and section 1116 of the Revenue Act of 1926 (26 USCA § 153, note) when it has finally been made effective, and that this does not occur until the Commissioner of Internal Revenue has finally determined that there has been an overpayment, which can be credited, and has approved the schedules certified to him by the collector of internal revenue.

Although the computation of interest in this case and the approval by the Commissioner of the schedule of refunds and credits occurred prior to the enactment of the Revenue Act of 1926 and while the Revenue Act of 1924 was in force, the interest computed, allowed, and paid was made to conform to the provisions of section 1116 of the Revenue Act of 1926, which was subsequently enacted.

Congress used the words "allowance of a refund or credit" and "credit taken" in sections 1019 of the Revenue Act of 1924 and 1116 of the Revenue Act of 1926 (26 USCA § 153 note); in paragraph 2, subdivision (b), of section 1116, Congress, for the purpose of fixing the time during which interest should be computed and paid upon an amount to be refunded, defined the term "date of allowance of refund" as being the first date on which the Commissioner signs the schedule of overassessments. Nothing was said as to the date on which a credit should be regarded as taken. In these sections Congress primarily was concerned with the dates from which and to which interest should be computed upon overpayments to be refunded and overpayments for one year to be credited against deficiencies for another year. In the case of credits, this period was definitely fixed. As to additional assessments the period as fixed by section 1019 of the Revenue Act of 1924 was from the date of the overpayment to the date of the assessment of the deficiency; in the Revenue Act of 1926 it was from the date of overpayment to the date on which the amount constituting the deficiency should have been paid, in respect of the additional assessments for years prior to 1921 and in respect of additional assessments for 1921 and subsequent years from the date of the overpayment to the date of the assessment of the

additional tax. Riverside & Dan River Cotton Mills, Inc., v. United States (Ct. Cl.) 37 F.(2d) 965, decided February 10, 1930. The date on which a credit is taken or is made effective under the statute is the same, whether made under the 1924 act or under the 1926 act. For the reasons stated by the court in West Leechburg Steel Company v. United States, supra, we think a credit is made effective and is taken on the date on which the Commissioner approves the schedule of abatements, credits, and refunds certified to him by the collector.

The Commissioner is the executive directly in charge of the administrative branch of the government having to do with the assessment, collection, refund, and crediting of taxes. Girard Trust Co. et al. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524. The collector of internal revenue cannot act independently of him in these matters, except as to the collection of taxes shown by the taxpayer upon the return and not stayed by the filing of a claim for abatement or otherwise. The signing of the schedule of overassessments by the Commissioner in the first instance and the making of a report by the collector to the Commissioner as to the status of the taxpayer's accounts are steps preliminary to making a credit effective. In the matter of credits the collector of internal revenue is merely the bookkeeper who reports the condition of the taxpayer's accounts to the Commissioner of Internal Revenue for final action.

The parties in their briefs have confused the term "credit taken." The plaintiff contends that "the collector takes the credit," while the defendant insists that "the taxpayer takes the credit when he receives notice from the commissioner that it has been made." Neither position is correct. The law takes the credit when the Commissioner has performed the act necessary to make the credit effective under the statute, and, in the absence of any statutory provision to the contrary, the credit is taken and is made effective when the Commissioner finally acts by approving the schedule certified to him by the collector. That which is thereafter done in respect of a credit is administrative and procedural, requiring no exercise of judgment or discretion. See Pittsburgh Bridge & Iron Works v. U. S. (D. C. W. D., Pa.) 40 F.(2d) 692, par. 11, vol. 1, P. H. Federal Tax Service. Therefore the credits here involved were taken within the meaning of the statute prior to the enactment of the Revenue Act of 1926 and the amount of interest upon the overpay-

ments applied as credits is governed by section 1019 of the Revenue Act of 1924 (26 USCA § 153 note). The plaintiff is therefore entitled to judgment for $15,190.19 as interest upon the credits mentioned from the dates of overpayment thereof to the date of the additional assessment of the tax against which credited. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.