UNITED STATES *v.* BOSTON BUICK COMPANY.
SAME *v.* IRON CAP COPPER COMPANY.

Nos. 42 and 43. Argued January 8, 9, 1931.—Decided February 2, 1931.

*Assistant Attorney General Rugg*, with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Charles R. Pollard, Bradley B. Gilman,* and *Clarence M. Charest,* General Counsel Bureau of Internal Revenue, and *Ralph E. Smith* were on the brief, for the United States.

*Mr. Charles W. Mulcahy,* with whom *Mr. Robert N. Miller* was on the brief, for the Boston Buick Company.

*Mr. Burton E. Eames* for the Iron Cap Copper Company.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

These cases involve the same question as *United States v. Swift & Co., ante,* p. 468; namely, what constitutes the allowance of a credit to a taxpayer who has overpaid his income or profits taxes. The issue is made on facts somewhat different from those involved in that case. It is whether interest to be paid on the amounts credited to the taxpayers shall be calculated as provided by § 1324 of the Revenue Act of 1921 (42 Stat. 316) or by § 1019 of the Revenue Act of 1924 (43 Stat. 346). Interest runs from different periods under these acts. As the allowance made by the Act of 1924 is more favorable to the taxpayers in these cases, they claimed interest on their credits

under that act. The Commissioner awarded them interest under the Act of 1921. The date of the allowance of the credits becomes important because we have held that interest on refunds and credits must be computed according to the statutory provision in force at the time of their allowance. *United States* v. *Magnolia Petroleum Co.,* 276 U. S. 160; *Blair* v. *Birkenstock,* 271 U. S. 348.

Upon audit of respondents' returns for 1918 it was disclosed that their taxes had been overassessed for that year. In March, 1924, the Commissioner approved schedules which informed the Collector of the overassessments and instructed him to check the same against the taxpayers' accounts, determine whether to abate in whole or in part, determine any overpayment, and apportion the same as between credit and refund. In July, 1924, the Collector completed his work, as to both taxpayers' accounts, and executed and forwarded to the Commissioner schedules of refunds and credits attached to the schedules of overassessments. The Commissioner placed his certificate of approval on the schedules of refunds and credits on July 31 and August 7. The Revenue Act of 1924 became effective June 2, 1924. If the credits were allowed after the effective date of that statute the respondents are entitled to interest computed in accordance with § 1019 of that act; if before, they are entitled to interest computed as provided by § 1324 of the Revenue Act of 1921. The District Court held that the provisions of the 1924 act applied, and the Circuit Court of Appeals affirmed its judgments. On petition of the United States this court issued writs of certiorari in both cases.

In view of the decision in *United States* v. *Swift & Co.,* *supra,* we hold that the Commissioner's approval of the schedule of refunds and credits constituted the allowance, and that interest is to be computed as required by the Act of 1924.

The judgments are                                          *Affirmed.*