## POTTSTOWN IRON COMPANY ·v. UNITED STATES.

No. 113.   Argued January 9, 1931.—Decided February 2, 1931.

*Mr. Paul F. Myers,* with whom *Mr. John R. Yates* was on the brief, for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Charles R. Pollard,* and *Bradley B. Gilman* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

*United States* v. *Swift & Company,* ante, p. 468, controls the decision of this case.

Here the Commissioner of Internal Revenue, upon audit of petitioner's income and excess-profits tax return for 1918, found an overpayment, and at the same time found an underpayment of similar taxes for the years 1916 and 1917. On January 22, 1926, he made additional assessments of the underpayments for 1916 and 1917,

and on January 29 he approved a schedule of overassessments which embraced the overpayment for the year 1918. The schedule was transmitted to the Collector of the appropriate district with the usual instructions and authority to check the overassessment against the taxpayer's account and determine whether the amounts in which the tax liability had been reduced should be abated in whole or in part, and if any part of the overassessment was found to be an overpayment to apply the same against taxes due, if any, making the appropriate entry in his accounts.

After this had occurred, petitioner inquired in writing of the Collector as to the status of its account. He replied by letter dated February 23, 1926, stating that he had applied the overassessment to close out the accounts of 1916 and 1917, thus extinguishing the taxpayer's liability as shown by his books. On February 27, 1926, he returned the schedule of overassessments to the Commissioner together with the usual subsidiary schedule of credits and refunds showing how he had credited the overassessment and that there remained a balance of 1918 taxes refundable to the taxpayer amounting to $21,152.12. On April 15, 1926, the Commissioner approved the schedule, thus authorizing the issuance of checks covering the amount to be refunded.

The question is whether interest should be allowed the petitioner under § 1019 of the Revenue Act of 1924 (43 Stat. 346) or under § 1116 of the Revenue Act of 1926 (44 Stat. 119). The latter act took effect February 26, 1926. The Court of Claims held that the act of the Commissioner in approving the schedule of refunds and credits and authorizing the issuance of checks on April 15, 1926, constituted the allowance of the claim for credit, and that interest on credits for 1916 and 1917 taxes should be calculated under the Act of 1926, which had then become effective. The petitioner argues that credit was allowed

or taken when the Collector, prior to February 26, 1926, made the entries upon his books, and that consequently interest on the credits should be calculated under the provisions of the Act of 1924. We hold, in conformity with our decision in *United States v. Swift & Co., supra,* that the allowance occurred April 15, 1926, when the Commissioner finally acted on the schedule of refunds and credits. The judgment is

*Affirmed.*