## E. E. ATKINSON & CO. v. UNITED STATES.

## No. 2165.

District Court, D. Minnesota, Fourth Division. May 29, 1931.

Robert M. Works, of Minneapolis, Minn., for plaintiff.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., and M. W. Goldsworthy, Sp. Asst. to U. S. Atty., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, and D. Louis Bergeron, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for the United States.

SANBORN, District Judge.

This is an action to recover interest claimed to be due on an overpayment of taxes for the fiscal year ended January 31, 1921, credited against an additional assessment of tax for the fiscal year ended January 31, 1919.

The plaintiff is a Minnesota corporation, which kept its books on the fiscal year plan, and filed returns as required by law. The Commissioner of Internal Revenue made an audit of the plaintiff's returns, and on Feb-

ruary 10, 1926, advised the plaintiff that the audit disclosed deficiencies in tax for the fiscal year ended January 31, 1919, amounting to $21,505.70, and for the fiscal year ended January 31, 1920, in the sum of $1,420.01, and an overassessment for the year ended January 31, 1921, in the sum of $10,328.56. The plaintiff was advised that if it acquiesced in the Commissioner's determination, it might sign an agreement consenting to the deficiency. This it did on February 13, 1926, and on the 18th day of that month filed the agreement with the Commissioner of Internal Revenue. On February 18, 1926, amended returns were filed with the collector for the years ended January 31, 1919, and January 31, 1920. With the amended return for the year ended January 31, 1919, the plaintiff filed a claim for credit of $13,091.45. With the amended return for the year ended January 31, 1920, it filed a claim for credit amounting to $85.51. At the same time it delivered to the collector a check for $9,748.75, the balance claimed by the plaintiff to be due after the application of the claimed credits. The $9,748.75 was credited to the plaintiff by the collector on collector's suspense account.

On April 26, 1926, the Commissioner made an additional assessment against the plaintiff for the year ended January 31, 1919, in the sum of $21,505.70, plus interest amounting to $215.06, being at the rate of 6 per cent. from February 26, 1926, to April 26, 1926. On April 26, 1926, the Commissioner made an additional assessment against the plaintiff for the year ended January 31, 1920, in the sum of $1,420.01, with interest of $14.20, being 6 per cent. from February 26th to April 26th.

On April 27, 1926, the Commissioner signed a schedule of overassessments, on which appeared an overassessment amounting to $85.51 for the year ended January 31, 1918, and an overassessment of $10,328.56 for the fiscal year ended January 31, 1921. This schedule was transmitted to the collector, who applied the overassessments as credits against the additional assessment for the year ended January 31, 1919. The balance of the tax for that year was discharged by transferring the $9,748.65 from the suspense account and by the payment of the balance in cash by the plaintiff. No interest was allowed on the overassessments applied as credits.

The plaintiff contends that the overassessments were allowed on February 10, 1926, and prior to the passage of the Revenue Act of that year, and that interest should be computed upon overpayments in accordance with section 1019 of the Revenue Act of 1924 (26 USCA § 153 note). The defendant contends that the credits were allowed when the Commissioner signed the schedule of overassessments on April 27, 1926, and that therefore the plaintiff was not entitled to interest under section 1116 of the Revenue Act of 1926 (44 Stat. 119 [26 USCA § 153 note]), which provides: "(a) Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund, or in the case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act (February 26, 1926), then to the date of the assessment of that amount."

The Revenue Act of 1926 (44 Stat. 9) became effective on February 26, 1926.

The cases of United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464, and United States v. Boston Buick Co. (United States v. Iron Cap Copper Co.), 282 U. S. 476, 51 S. Ct. 206, 75 L. Ed. 470, hold that the act of the Commissioner in approving the schedule of refunds and credits constitutes the allowance of a claim for credit, and that interest on such credits should be calculated under the act which is then in effect.

Therefore, in this case the plaintiff is not entitled to interest as provided for under the Revenue Act of 1924.

Finding the facts and the law to be as above stated, I reach the conclusion that the defendant is entitled to a judgment of dismissal with costs. Judgment may be entered accordingly.