## CONSOLIDATED PAPER CO. v. UNITED STATES.

### No. L–477.

Court of Claims.

Dec. 5, 1932.

For original opinion, see 59 F.(2d) 281.

Jesse I. Miller, of Washington, D. C., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Charles R. Pollard and H. C. Clark, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Plaintiff makes a motion for a new trial, and insists that the conclusion of the court in this case [59 F.(2d) 281] that the credit was allowed by the Commissioner under section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) when he signed the first schedule of overassessment is contrary to the decisions in United States v. Swift & Company, 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464; United States v. Boston Buick Co., 282 U. S. 476, 51 S. Ct. 206, 75 L. Ed. 470; Pottstown Iron Co. v. United States, 282 U. S. 479, 51 S. Ct. 205, 75 L. Ed. 472; and Atlas Powder Co. v. United States, 40 F.(2d) 136, 141, 69 Ct. Cl. 558. It is also insisted that, in view of section 1104 of the Revenue Act of 1932 (26 USCA § 4104), the credit in this case was not allowed within the meaning of section 1116 of the Revenue Act of 1926 until the Commissioner finally approved the schedule of refunds and credits.

The court considered the cases cited and the provision of the revenue act of 1932 referred to, and concluded that they had no controlling effect upon the question presented in the instant case. Particular stress is laid upon the statement by this court in Atlas Powder Co. v. United States, supra, that "a credit is taken within the meaning of section 1019 of the Revenue Act of 1924 [26 USCA § 153, note] and section 1116 of the Revenue Act of 1926 (26 USCA § 153, note) when it has finally been made effective, and this does not occur until the Commissioner of Internal Revenue has finally determined that there has been an overpayment, which can be credited, and has approved the schedules certified to him by the collector of internal revenue." This statement must be viewed in the light of the question involved in that case in which the Commissioner had signed both the schedule of overassessments and the schedule of refunds and credits prior to the enactment of section 1116 of the Revenue Act of 1926 (26 USCA § 153 note). The certificates of overassessments, however, were not mailed to the plaintiff until after the effective date of the 1926 act.

The government contended that the credit was taken within the meaning of the 1926 act when the certificates of overassessments were mailed to the taxpayer, and the plaintiff contended that the credit had been accomplished under the Revenue Act of 1924, and that the credit had been taken when

the collector made the entries on his books pursuant to the schedule of overassessment. Both parties in that case contended that the date on which a credit was "taken" was a date other than the date on which the Commissioner signed the schedule of overassessments or the schedule of refunds and credits.

In addition to the statement above quoted upon which the plaintiff relies, this court pointed out that both the plaintiff and the government were mistaken in the positions taken, and that "the law takes the credit when the Commissioner has performed the act necessary to make the credit effective under the statute, and, in the absence of any statutory provision to the contrary, the credit is taken and is made effective when the Commissioner finally acts by approving the schedule certified to him by the collector." In the Atlas Powder Company Case the court did not intend to hold, and it is clear that the opinion in that case did not hold and is not authority for the proposition, that, where the commissioner signs both the schedule of overassessments and the schedule of refunds and credits after the effective date of the Revenue Act of 1926, the credit is allowed and taken when he signs the second schedule.

Section 1104 of the Revenue Act of 1932 (26 USCA § 4104) provides that: "Where the Commissioner has (before or after June 6, 1932 [the enactment of this act]) signed a schedule of overassessments in respect of any internal revenue tax imposed by this chapter or any prior revenue Act, the date on which he first signed such schedule (if after May 28, 1928) shall be considered as the date of allowance of refund or credit in respect of such tax." We think this section was not a legislative construction of the Revenue Act of 1926 that a refund or credit, under section 1116 of that act, should be considered as allowed on the date on which the Commissioner signed the schedule of refunds and credits, as was the case under section 1019 of the Revenue Act of 1924 (26 USCA § 153 note). After the enactment of the Revenue Act of 1928 (26 USCA § 2001 et seq.), the Treasury Department changed its practice, and no longer used a schedule of refunds and credits, and the only schedule prepared and signed by the Commissioner was the schedule of overassessments. Section 1104 of the 1932 act was not intended to change the rule with reference to the date of allowance of a refund or credit provided by section 1116 of the

1926 act or to construe that section as providing that the approval of the schedule of refunds and credits should be the date of the allowance. The Revenue Act of 1926 had not been so construed either by the Treasury Department or by the courts, and the provision in the 1932 act was only intended, as stated in Committee Report No. 1492, 72nd Congress, 1st session, page 28, to make "it clear that credits or refunds are to be considered as allowed on the date on which the commissioner first signed the schedule of overassessments, provided the schedule was signed after May 28, 1928."

The motion for a new trial is overruled. .