## BURRIS v. UNITED STATES.

No. 8.

District Court, D. Delaware.

July 6, 1934.

Hugh M. Morris, and George Burton Pearson, Jr., both of Wilmington, Del., and Allen H. Gardner (of KixMiller, Baar & Morris), of Washington, D. C., for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and E. Barrett Prettyman, General Counsel, Bureau of Internal Revenue, and Ralph E. Smith, and D. Louis Bergeron, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for the United States.

NIELDS, District Judge.

This is an action to recover approximately $9,000 interest alleged to be due on a portion of an overpayment of income and profits tax for the calendar year 1918. Plaintiff is receiver of the Hubbard Fertilizer Company of Baltimore City, hereafter referred to as the taxpayer. Defendant answers that the Revenue Act of 1926 respecting interest controls the case and forbids recovery.

### Findings of Fact.

1. In 1919 the taxpayer filed its federal income and profits tax return for the calendar year 1918 with the collector at Baltimore showing a tax liability of $121,987.37. During the year it paid to the collector sums aggregating $89,444.07; the last payment on December 15, 1919, being $22,361.01. October 6, 1925, the Commissioner of Internal Revenue mailed a deficiency notice to the taxpayer disclosing overassessments for the calendar years 1918 and 1919 amounting to $121,986.97, and a deficiency in tax for 1917 amounting to $16,242.15. January 13, 1926, an additional tax for 1917 in the above sum of $16,242.15 was duly assessed on the assessment list signed by the commissioner and was forwarded with instructions to the collector to withhold demand therefor pending comparison with the 1918 and 1919 overassessments. January 19, 1926, the commissioner signed, approved, and forwarded to the collector a schedule of overassessments showing the overassessments against the taxpayer for 1918 and 1919. Also on that same day the commissioner forwarded to the collector a blank schedule of refunds and credits with instruction to the collector to check the overassessments against the account of the taxpayer and to make and enter on the schedules any abatements of taxes, any credits, and any refunds that were warranted.

2. February 26, 1926, the Revenue Act of 1926 went into effect. The day following, February 27, 1926, the collector returned the schedules to the commissioner having certified the amounts entered on the schedules as an abatement, refund, and credit. April 9, 1926, the deputy commissioner of internal revenue having checked the schedule of refunds and credits certified the same to the commissioner. April 9, 1926, the commissioner signed and approved the schedule of refunds and credits. April 17, 1926, a check for the refund with interest and the certificate of overassessments for 1918 were mailed to the taxpayer.

3. The sum of $16,242.15 credited to the additional assessment for 1917 was a part of the payment of $22,361.01 made on December 15, 1919. December 10, 1928, the taxpayer made application to the commissioner for the allowance of interest upon the aforesaid credit of $16,242.15, which was denied by the commissioner, who refused and still refuses to allow interest on that credit.

Does the Revenue Act of 1924 or the Revenue Act of 1926 apply?

The Revenue Act of 1924, § 1019 (43 Stat. 253, c. 234 [26 USCA § 153 note]), provides for interest on claims for credits as follows: "Upon the allowance of a credit * * * interest shall be allowed and paid on the amount of such credit * * * at the rate of 6 per centum per annum from the date such * * * sum was paid * * * to the due date of the amount against which the credit is taken, but *if the amount against which the credit is taken is an additional assessment, then to the date of the assessment of that amount.* The term 'additional assessment' as used in this section means a further assessment for a tax of the same character previously paid in part." (Italics supplied.)

The Revenue Act of 1926 (44 Stat. 9, c. 27) provides for credits and interest in the following sections (sections 284(a), 1116 (a), 26 USCA § 1065(a), and § 153 note):

"Sec. 284. (a) Where there has been an overpayment of * * * tax * * * the amount of such overpayment shall, * * * be credited against any * * * tax * * * then due from the taxpayer, and any balance * * * shall be refunded * * *."

"Sec. 1116. (a) Upon the allowance of a credit * * * interest shall be allowed and paid on the amount of such credit * * * at the rate of 6 per centum per annum from the date such * * * sum was

paid * * * to the due date of the amount against which the credit is taken, but *if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act,* * * * *then to the date of the assessment of that amount.*" (Italics supplied.)

■ The payment of interest by the United States is always a matter of grace depending upon its consent expressed in some statute. Such liability may be withdrawn or modified at any time. Taxpayers who have paid overassessments of income and profit taxes constantly make demands against the government for interest incident to "credits" and "refunds." If the collector's books show the taxpayer is indebted for other taxes, the commissioner may direct the collector to apply the overpayment or part thereof to such other debt. This is termed a "credit." Here $16,246.15, part of an overpayment for the 1918 tax, was applied by the collector to the additional assessment of like amount for the year 1917. Plaintiff, the taxpayer, claims interest on the $16,242.15 from the date of payment, December 15, 1919, until the date of the additional assessment, January 13, 1926.

A statute providing for interest on credits effective when the credit was allowed controls the right to interest. In this case the commissioner approved the schedule of refunds and credits and authorized the issuance of checks on April 9, 1926. Accordingly on that date the credit of $16,242.15 was allowed. United States v. Swift & Co., 282 U. S. 468, 473, 475, 51 S. Ct. 202, 75 L. Ed. 464, Pottstown Co. v. United States, 282 U. S. 479, 51 S. Ct. 205, 75 L. Ed. 472. The Revenue Act of 1926 was then effective and controlling. The credit having been made subsequent to the passage of that act, the liability of the United States for interest must be determined with reference to the provisions of that statute. United States v. Boston Buick Co., 282 U. S. 476, 51 S. Ct. 206, 75 L. Ed. 470.

■ Does the Revenue Act of 1926 deny interest on the credit? Plaintiff contends that it is entitled to have the interest computed from the date of the overpayment December 15, 1919, until the "due date" of the additional tax of $16,242.15 for the year 1917. The due date of this tax provided by section 9 (a) of the Revenue Act of 1916 (39 Stat. 763) under which it was assessed was June 15, 1918. This is not in dispute. The meaning of "due date," however, in section 1116 of the Revenue Act of 1926 is in dispute.

Plaintiff contends that the due date is January 13, 1926, when the additional tax was assessed. Defendant asserts the due date is June 15, 1918, the date the tax for 1917 was originally due. In considering section 1116 it should be borne in mind that prior to the Revenue Act of 1921 (42 Stat. 227) the taxpayer normally paid no interest on deficiency assessments but thereafter did pay interest. It frequently happened that the taxpayer paid no interest yet collected interest from the government. In Riverside & Dan River Cotton Mills v. United States, 37 F.(2d) 965, 968, the Court of Claims stated:

"We think a proper construction of this section is that Congress intended in the case of a credit of an overpayment against an additional tax for 1921, or subsequent years, interest should be allowed from the date of payment of such tax to the date of the assessment of such additional amount; that on an overpayment for any year prior to 1921 credited against a deficiency for any other year interest should be allowed from the date of the overpayment to the due date of the amount against which the credit is taken, and that the words 'due date' used in the section mean the date fixed by the statute for the payment of the tax, or the several installments thereof; that is, that the due date of a tax is not changed because there is an additional assessment, that the due date here referred to is the same as that of the original assessment, namely, March 15, 1919, the date fixed by law for filing of a calendar year return * * *.

"The Revenue Act of 1924, § 1019 (26 USCA § 153 note) provided for the payment of interest on all refunds and credits from the date the tax was paid to the date of the allowance of the refund, or, in the case of a credit, to the due date of the amount against which the credit was taken, and provided that, if the amount against which the credit was taken was an additional assessment, then to the date of the assessment of that amount. In section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) it was provided that, if the amount against which the credit was taken was an 'additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act,' then to the date of the assessment of that amount. *By this change* it seems manifest that it was intended to provide for the payment of interest upon the amount of a credit if taken against an additional assessment of a tax for the year 1921, or subsequent years, to the date of assessment of such additional tax, but, if the

additional assessment was of a tax for a year prior to 1921, interest would be paid only from the date of the overpayment to the date on which the taxpayer should have paid the tax against which credit is applied. In other words, it was not the purpose of Congress to require the payment of interest on an overpayment during the time when the taxpayer was indebted to the government in an equal amount upon which he was paying no interest."

This court joins with the Circuit Court of Appeals of the first circuit in adopting the reasons and conclusions stated in Riverside & Dan River Cotton Mills v. United States, supra. Bertelsen & Petersen Engineering Co. v. United States (C. C. A.) 60 F.(2d) 745, 748.

Inasmuch as the overpayment was made subsequent to June 15, 1918, no interest can be allowed on the amount credited against the additional 1917 tax.

### Conclusions of Law.

1. The allowance of the credit was made by the Commissioner of Internal Revenue April 9, 1926.

2. The allowance of the credit being subsequent to the passage of the Revenue Act of 1926 the allowance of interest on such credit is controlled by the provisions of that statute.

3. Under the Revenue Act of 1926 interest can be allowed only to the due date of the additional tax, June 15, 1918, and cannot be allowed to the date of the additional assessment.

A verdict will be rendered for the defendant.

Exceptions, if any, may be filed within ten days from the date hereof.