**GANS S. S. LINE v. BOWERS.** *

No. 254.

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

John E. Hughes, of Chicago, Ill., and Jacob S. Seidman, of New York City, for appellant.

Frank J. Wideman, Asst. Atty. Gen., J. Louis Monarch and Carlton Fox, Sp. Assts. to Atty. Gen., and Lamar Hardy, U. S. Atty., and Leon E. Spencer, Asst. U. S. Atty., both of New York City, for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

* Certiorari denied 56 S. Ct. 940, 80 L. Ed. ——.

MANTON, Circuit Judge.

A motion was made and granted dismissing this complaint, in an action brought to recover income and profit taxes paid for the calendar year 1919. The action is brought against the executor of a former collector of internal revenue for illegal collection of such taxes by the decedent.

On May 14, 1920, the appellant filed its tax return for 1919 with Edwards, Bowers' predecessor in office as collector for the district. It paid a portion of the 1919 tax and claimed that the balance was covered by a credit for an overpayment of the 1918 tax. The claim was disallowed, leaving a balance of $216,469.05 unpaid on the 1919 tax. It was found by the Commissioner of Internal Revenue, however, that the appellant had overpaid its 1917 tax in an amount greater than the sum of $216,469.05. It is alleged that this overpayment was acknowledged by the Commissioner in a formal certificate of overassessment issued to the appellant. Instead of refunding all this overpayment to the appellant, on October 28, 1925, Frank K. Bowers, then the collector (he succeeded Edwards August 15, 1921), deducted therefrom $216,469.05 and applied this much of the admittedly due refund to the balance due on the 1919 taxes.

It is claimed that this liability for the 1919 taxes was barred by the statute of limitations at the time this balance was settled. The claim is that Bowers, in so applying a portion of the refund due the appellant to discharge an extinct liability, illegally collected that amount. The complaint was dismissed on the ground that Bowers was not subject to suit since he had not made the original collection of the amount overpaid, and in merely entering the credit on his accounts and schedules, he did not thereby so participate in any collection as to make him subject to suit.

A suit against the collector for an amount which he has collected is analogous to an action for money had and received. State Tonnage Tax Cases, 12 Wall. (79 U.S.) 204, 209, 223, 20 L.Ed. 370; Duffin v. Lucas, 55 F.(2d) 786, 792 (C.C.A.6). It is a personal liability, based on a collection by the collector, and no suit lies against the offending collector's nonparticipating successor in office. Smietanka v. Indiana Steel Co., 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99; Union Trust Co. v. Wardell, 258 U. S. 537, 42 S.Ct. 393, 66 L.Ed. 753.

It is essential, then, that the collector make the collection complained of. It is established that a collector does not become liable to suit where his only possible relation to the collection is a bookkeeping entry as in the instant case. Moses v. United States, 61 F.(2d) 791 (C.C.A.2); Routzahn v. Reeves Bros. Co., 59 F.(2d) 915 (C.C.A.6). In the cited cases it was recognized that the collector in like situation has never received the money nor retained it. We said in the Moses Case, 61 F.(2d) 791, at page 794: "The proof, however, showed that Ferguson [who was Collector in 1923] made certain bookkeeping entries relating to crediting the 1916 overpayment against the 1915 assessment. These were mere ministerial acts pursuant to instructions given by the Commissioner. Even if the allegations of the complaint were amended to conform to the proof (which was not asked), they would not charge any acts which would render Ferguson [the Collector] liable to the plaintiffs."

If the departmental procedure is clearly set out, it becomes obvious that the collector's part in charging the refund with the unpaid amounts outstanding was not the collection of the tax. The administrative procedure is fully explained in United States v. Swift & Co., 282 U.S. 468, 51 S. Ct. 202, 75 L.Ed. 464, and Wm. J. Friday & Co. v. United States, 61 F.(2d) 370 (C. C.A.3).

The Bureau of Internal Revenue examines the return, and if an overassessment is found, a certificate is prepared which goes to the Commissioner after being checked by a deputy. When the Commissioner accumulates a number of certificates from a single collection district, a form schedule of overassessments is prepared and forwarded to the collector, together with a subsidiary schedule of refunds and credits. The collector is instructed to check this against the accounts of the taxpayer, and if any overpayment is found to apply it as a credit against the tax owing (if any) for subsequent periods. The entries are to be noted on the schedules and returned to the Commissioner who, with his deputy, first checks the returned accounts, certifies them, and directs the disbursing clerk of the treasury to draw appropriate checks. The final step is this last approval and certification by the Commissioner after the entries are returned to him by the collector. The Swift

Case held, where the statute of limitations made a determination of the question necessary, that this last act of the Commissioner constituted the allowance of the credit. See, also, United States v. Boston Buick Co., 282 U.S. 476, 51 S.Ct. 206, 75 L.Ed. 470. Therefore, the bookkeeping entries made here by the collector, and subject to revision by the Commissioner at the time of his final certification of the allowance, cannot be considered a collection by the collector.

It is recognized that the suits are against the collector only as a nominal defendant; that he is indemnified by the United States, the real party in interest; that the United States attorneys conduct the defense; and that the form of such suits is anomolous at best. Cf. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. We can see no reason for extending this type of suit to cover the instant case where even the 'formal facts necessary to sustain a suit against the collector are lacking.

This does not mean that the final, authoritative act of crediting an overpayment against a liability barred by the statute of limitations does not constitute a collection. See Graham & Foster v. Goodcell, 282 U.S. 409, 424, 51 S.Ct. 186, 75 L. Ed. 415; Untermyer v. Bowers, 79 F.(2d) 9, 11 (C.C.A.2). We hold merely that since the collector in entering the credit was acting pursuant to the Commissioner's instructions and the entry was subject to final consideration and revision by him, the collector's action may not be held a collection for the purpose of this suit.

Judgment affirmed.