### BOTANY WORSTED MILLS v. UNITED STATES.

### No. 5303.

District Court, D. New Jersey.

Oct. 5, 1937.

Henry B. Twombly, of New York City (Brewster, Ivins & Phillips, of Washington, D. C., of counsel), for plaintiff.

Robert H. Jackson, Asst. Atty. Gen., Andrew D. Sharpe and Samuel E. Blackham, Sp. Assts. to Atty. Gen., and John J. Quinn, U. S. Atty., of Redbank, N. J.

FORMAN, District Judge.

The plaintiff filed its income and profits tax return for the fiscal year ended November 30, 1918, and paid the taxes showed to be due thereon in quarterly installments. The fourth and last installment of said taxes was paid to the collector of internal revenue on December 15, 1919.

Thereafter the Commissioner of Internal Revenue determined that the plaintiff had overpaid its taxes for the said year in the amount of $116,281.61, but further determined and assessed additional income and profit taxes against the plaintiff for the fiscal year ended November 30, 1917.

On September 15, 1921, the allowance on the 1918 taxes was credited as a payment against the additional taxes assessed for the fiscal year 1917. Thereafter, during 1931, the Commissioner of Internal Revenue determined that there had been an overpayment by the plaintiff of its tax liability for the fiscal year ended November 30, 1917, and, as a part of the refund, paid to the plaintiff the said sum of $116,281.61 originally paid by the plaintiff on December 15, 1919, together with interest thereon from September 21, 1921. It is to be noted that the actual payment of the said sum was made by the plaintiff on December 15, 1919, but that in refunding the said sum interest was allowed not from the date of actual payment but from September 21, 1921, the date when the said sum was credited to the payment of 1917 taxes.

It is contended by the plaintiff that it is entitled to recover interest on the said sum from December 15, 1919, the date of actual payment, and this suit is brought to recover the said interest. It is contended

by the defendant that the plaintiff is entitled to recover interest only from September 21, 1921, the date when the said sum of $116,281.61 was credited to the 1917 taxes.

It is agreed by both the plaintiff and defendant that the statute applicable to the immediate case is as follows:

"(a) Interest shall be allowed and paid upon any over-payment in respect of any internal-revenue tax, at the rate of 6 per centum per annum, as follows: * * *

"(2) In the case of a refund, from the date of the overpayment." 26 U.S.C.A. § 1671 note.

The question presented for the court's determination is whether the overpayment was made on December 15, 1919, the date when the plaintiff actually paid to the defendant the said sum of $116,281.61, or on September 21, 1921, the date when the Commissioner of Internal Revenue credited the said sum to the payment of the taxes for the fiscal year ended November 30, 1917.

The case principally relied upon by the defendant in its brief is U. S. v. Swift & Co., 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464, in which it was held that, where an overpayment of taxes for one year was credited by the Commissioner of Internal Revenue to additional taxes due for another year, the payment of the taxes for the latter year must be taken to have occurred on the date of the allowance of the credit. In further support of its contention the defendant cites the cases of U. S. v. Boston Buick Co., 282 U.S. 476, 51 S.Ct. 206, 75 L.Ed. 470; Pottstown Iron Co. v. U. S., 282 U.S. 479, 51 S.Ct. 205, 75 L. Ed. 472; U. S. v. John Gallagher Co. (C. C.A.) 83 F.(2d) 368; U. S. v. Reeves Bros. Co. (C.C.A.) 83 F.(2d) 121; Boston Pressed Metal Co. v. U. S. (Ct.Cl.) 42 F. (2d) 312, 313; United States v. Woolner Distilling Co. (D.C.) 52 F.(2d) 666. The rule announced in those cases is not helpful towards a solution of the case at bar. When a deficiency is credited, that deficiency is certainly paid when the credit is made. When else could it be paid? The determination that a deficiency is paid at the time the credit is made in no way answers the pending problem, i. e., whether interest is allowable from the time the taxpayer parted with his money or only from the time the credit is made.

In the case of Corn Exchange Bank v. United States (D.C.) 51 F.(2d) 508, 509,

cited by plaintiff, a taxpayer had paid additional 1917 taxes on December 1, 1919, which, later determined to be overpaid, were credited to additional taxes for 1918. The Commissioner thereafter found the 1918 taxes were overpaid and refunded them. The plaintiff contended he was entitled to interest from the time he originally parted with his money, i. e., December 1, 1919. Defendant argued plaintiff was entitled to interest only from the time the credit was made on the taxes for 1918. The court, in applying section 1324(a) of the 1921 Revenue Act (42 Stat. 316), held that interest should be computed and allowed from the date the principal sum was overpaid. The court stated:

"Thus, by two successive overassessments, the first admitted and the second now judicially found, the plaintiff has been wrongly kept out of its money since it paid its first overassessment on December 1, 1919. * * *

"The second of the two overassessments by the government, both of which were justiciable wrongs to the taxpayer, cannot surely be allowed to stop the running of interest for the interval between the first overassessment and the payment by credit of the second overassessment."

The defendant endeavors to distinguish that case from the instant case on the ground that the court relied upon section 1324(a) of the 1921 act (42 Stat. 316), whereas in this case section 614(a) of the Revenue Act of 1928 applies (26 U.S.C.A. § 1671(a). However, by comparison, it is plain that the provision in the 1921 act for interest being paid on a refund "from the time when such tax was paid" and the provision in the 1928 act "from the date of the overpayment" are in substance the same. Defendant further contends that the 1921 Revenue Act was in effect on the date the overpayment for 1917 was credited against the outstanding tax for 1918 in the case just cited, that in the instant case, at the time the 1918 overpayment was credited against the unpaid taxes for 1917, there was no statute which provided for the allowance of any interest on a credit or refund of taxes, and that, therefore, it would be impossible to allow the plaintiff herein interest to which it was entitled at the date the credit was made, for on that date it was not entitled to any interest. In this last objection defendant is obviously overlooking section 614(a) of the Revenue Act of 1928 (26 U.S.C.A. § 1671 note), providing that interest shall be allowed "from the

date of the overpayment." No exception is made in that statute to cover situations prompting the defendant's objection.

The court is constrained to the conclusion that the plaintiff is entitled to interest from the time of the original payment, and that the shifting of the funds by parties whose acts are beyond its control cannot alter the situation.

Plaintiff's demand for judgment against the defendant in the sum of $10,000, being the limit in amount for which this court can render judgment under its jurisdiction in this type of case, is granted.