INDIANAPOLIS GLOVE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82630. Promulgated June 1, 1938.

*Forman D. McCurdy, Esq.*, for the petitioner.
*Jonas M. Smith, Esq.*, for the respondent.

OPINION.

KERN: There are two alternative questions presented in this case. The first is whether the interest on the overpayment of taxes from the date of overpayment to the date of the signing of the schedule of overassessments respecting such taxes, in August 1932, should be considered as accruing to petitioner in 1932 at the rate of 6 percent per annum. The second is whether the interest should be considered as accruing to petitioner in 1932, calculated at 6 percent up to June 30, 1932, and at 4 percent after that date.

These questions arise under section 614 of the Revenue Act of 1928, section 319 of the Legislative Appropriation Act of June 30, 1932, and section 15 of the Treasury and Postoffice Departments Appropriations Act of March 3, 1933, which are set out in the margin.[1]

With regard to the first question, it is petitioner's contention that interest on the overpayment of taxes involved herein should be considered as accruing to it in 1932 at the rate of 6 percent per annum regardless of the Act of June 30, 1932, because that act was repealed as of the date of its approval by the Act of March 3, 1933, and, therefore, should be considered as never having existed. The difficulty with this contention, however, is that in order to have the interest accrue to petitioner in 1932 and be properly includable in petitioner's income for that year, there must have been in effect in that year a statute pursuant to which the interest claimed as accrued income was payable. The only statutes in force during that year were the Revenue Act of 1928 and the Act of June 30, 1932. The latter act was in force at the time of the signing of the schedule of overassessment by the respondent in August 1932 and was in force until March 3, 1933, when it was repealed as of the date of its approval. While the Act of March 3, 1933, made it obligatory to pay the full amount of 6 percent on overpayments of taxes during the period of June 30, 1932, to March 3, 1933, this obligation did not arise until March 3, 1933, and, therefore, the petitioner's right to the pay-

---

[1] SEC. 614. INTEREST ON OVERPAYMENTS.

(a) Interest shall be allowed and paid upon any overpayment in respect of any internal-revenue tax, at the rate of 6 per centum per annum, as follows:

\*      \*      \*      \*      \*      \*      \*

(2) In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than 30 days, such date to be determined by the Commissioner.

Sec. 319. Legislative Appropriations Act, June 30, 1932. [47 Stat. 412.]

Hereafter the rate of interest to be allowed or paid shall be four per centum per annum whenever interest is allowed or paid upon any judgment of whatever character against the United States and/or upon any overpayment in respect of any internal revenue tax. All laws or parts of laws insofar as inconsistent herewith are hereby repealed.

Sec. 15. Treasury and Post Office Departments Appropriations Act of March 3, 1933 [47 Stat. 1517.]

Section 319 of Part II of the Legislative Appropriation Act, fiscal year 1933, is repealed as of June 30, 1932; and the rate of interest to be allowed upon judgments against the United States and overpayments in respect of internal revenue taxes shall be the rate applicable thereto prior to the enactment of section 319 of such act.

ment of interest at this rate after June 30, 1932, did not exist until 1933, and the additional interest became accrued income to petitioner only in 1933.

In the alternative, the petitioner contends that although the schedule of overassessments was made up in August 1932, after the effective date of the Act of June 30, 1932, this act was not retroactive and the interest to be paid on the refund of taxes made by respondent on September 12, 1932, should be calculated at the rate of 6 percent up to June 30, 1932, and at 4 percent thereafter.

Interest on refunds and credits is computed under the provisions of the act in force when the refunds and credits are allowed by the Commissioner. *United States* v. *Boston Buick Co.*, 282 U. S. 476; *Pottstown Iron Co.* v. *United States*, 282 U. S. 479; *United States* v. *Magnolia Petroleum Co.*, 276 U. S. 160. A claim for a refund is allowed when the Commissioner approves the schedule of refunds and credits. *United States* v. *Swift*, 282 U. S. 468. It is stipulated that the overassessments in this case were scheduled in August 1932, and the payment of the principal of the overassessments to the petitioner took place on or about September 12, 1932. Petitioner's claim for refund was, therefore, allowed during the time the Act of June 30, 1932, was in effect, and, therefore, the interest due thereon was computable under its provisions. It is inescapable that the only interest which could be considered as accrued income to petitioner was the interest provided for by the Act of June 30, 1932, which was at the rate of 4 percent per annum.

Petitioner has cited several cases in support of its contention that the interest on the overpayment of taxes should be computed at 6 percent up to June 30, 1932, and at 4 percent thereafter. These cases are *Colorado Milling & Elevator Co.* v. *Howbert*, 57 Fed. (2d) 768; *Safe Deposit & Trust Co. of Baltimore* v. *Tate*, 3 Fed. Supp. 562; *Reynolds* v. *Cooper*, 64 Fed. (2d) 644; *Huwe* v. *Ohmer Fare Register Co.*, 61 Fed. (2d) 721. These cases involved the calculation of interest on judgments entered in favor of taxpayers prior to the Act of June 30, 1932, with the exception of one (*Colorado Milling & Elevator Co.* v. *Howbert*) which had to do with the construction of a compromise agreement. They are, therefore, not authority in cases such as this, where refunds and credits are computed, since in the cases cited, the right to a certain rate of interest had vested in the taxpayer prior to June 30, 1932, either by virtue of a compromise agreement, or by judgment, while in the instant case the right to interest did not vest until the Commissioner approved the schedule of overassessments in August 1932. This conclusion seems implicit in the cases cited of *United States* v. *Boston Buick Co.*, *supra*, and *United States* v. *Swift*, *supra*.

*Decision will be entered for the respondent.*